MICHAEL KELLY *vs.* ALONZO C. H. LAWS.

A mechanic's lien cannot be maintained under the Gen. Sts. *c.* 150, if the person claiming it, knowing the name of the owner of the estate, misstates it in the certificate filed in the city or town clerk's office under § 5.

PETITION to enforce a mechanic's lien under the Gen. Sts. *c.* 150, for digging a cellar, by employment of the respondent, in land abutting on Clifford Street in Boston, over which was afterwards erected a block of four houses, upon which and the land the lien was claimed.

At the trial in the superior court, before *Devens*, J., the petitioner did not contend " that his contract extended to or included any labor upon or materials for the erection of the cellar walls of the houses, or any structure except as above, or building upon the land ; " and the respondent requested a ruling " that the law of lien on buildings and lands did not cover or extend to this contract and the labor performed by virtue of the same." But the judge declined so to rule, and ruled " that the cellar was a part of the structure, and that the digging of a cellar, over which a house was to be erected, for the purpose of such erection, was work for which, under the statutes, a lien might be maintained against the house so erected and land on which it was situated, and that this would be the case even if the party contracting to do and doing the work did nothing, and had no contract to do anything, in the erection of the walls of the cellar."

Upon the production in evidence of the certificate filed in the city clerk's office under the Gen. Sts. *c.* 150, § 5, for the petitioner's labor, his account appeared to be against William Laws; and the respondent requested a ruling " that the petition could not therefore be maintained, even if the defendant was the person intended.' But the judge declined so to rule, and ruled " that it was more important that the premises should be accurately described, against which it was intended to claim the lien, than to give the name of the owner accurately, and that, if in the account filed there was a substantially accurate description of the premises, and if the jury should be further satisfied that the name of William Laws was used by an honest mistake for that of the defendant, then the fact that the name of William Laws was used as the owner, instead of the defendant's name, would not invalidate the petition founded thereon."

The jury found for the petitioner, and the judge reported his rulings to this court; the verdict to be set aside and a new trial granted, if either of them was erroneous, otherwise judgment to be rendered thereon.

*A. R. Brown,* (*E. A. Alger* with him,) for the respondent.

*G. Sennott,* for the petitioner.

WELLS, J. The petitioner seeks to enforce a right derived solely from the statute. He cannot acquire or maintain his lien otherwise than by compliance with the provisions of the statute. That requires that in filing his statement for record he should give not only " a description of the property intended to be covered by the lien, sufficiently accurate for identification," but also the name of the owner, if known.

We are of opinion that the judge erred in ruling that it was more important that the premises should be accurately described, than that the name of the owner should be given accurately. It is by the name of the owner only that the index to the records can be made, so as to guide in the examination for incumbrances upon the owner's title. The statute makes no such distinction. It relieves the claimant from the necessity of stating the true name of the owner, only when it is not known to him; thus providing for cases where some intermediate party employs workmen

or purchases materials, without disclosing the name of the owner by whose authority he acts.

In the present case, the petitioner was employed directly by the owner of the land. It is not claimed that the name of the owner was not known to him. By mistake he failed to give the true name in the statement which he filed in order to secure a lien. He did not comply with the statute, and therefore gained no lien.

As the proceedings cannot be maintained for this reason, it is unnecessary to consider the other question, whether work, in excavating the ground for a cellar, is performed in the erection of a building or structure. *New trial granted.*