&#61;&#61;&#61;

SOLOMON H. AMIDON *vs.* QUARTUS W. BENJAMIN.

Franklin. Sept. 17, 1878. — Feb. 28, 1879. ENDICOTT & SOULE, JJ., absent.

At the trial of a petition to enforce a mechanic's lien upon land, the owner of which has, before the filing of the certificate of lien, and with the knowledge of the petitioner, conveyed the land to another, evidence is admissible that such conveyance was fraudulent as to creditors and as to the petitioner as a creditor of the grantor, although the latter is described in the certificate as owner of the premises.

PETITION under the Gen. Sts. *c.* 150, to enforce a mechanic's lien for labor performed and materials furnished in the erection of a building in Montague.

At the trial in the Superior Court, before *Pitman*, J., without a jury, it appeared that, before the filing of the certificate of lien required by the statute, the respondent had conveyed the premises, upon which the lien was claimed, to his daughter, by deed duly executed and recorded; and that the respondent was the only person named as owner in the certificate. The petitioner testified that he knew of such conveyance at the time of filing his certificate, but supposed that the respondent remained

the actual owner of the estate, because he believed the conveyance to be fraudulent; and offered to prove that the conveyance was fraudulent as to creditors, and as to himself as such creditor. But the judge rejected the evidence; ruled that the petitioner had not complied with the provisions of the statute so as to entitle himself to maintain his lien; ordered judgment for the respondent; and, by consent of parties, reported the case for the determination of this court. If the evidence was rightly rejected, and the ruling was correct, judgment was to be entered for the respondent; otherwise, the judgment was to be set aside, and the case to stand for further hearing.

*G. D. Williams*, for the petitioner.

*A. De Wolf*, for the respondent.

GRAY, C. J. Since the argument of this case, it has been decided that the lien of a petitioner under the Gen. Sts. *c.* 150, upon the interest of the person who owns the land when the lien attaches, is not defeated by a subsequent conveyance of the land from him to a third person before the filing of the certificate. *Gale* v. *Blaikie, ante,* 274. It would seem, therefore, that this petitioner might safely have treated the conveyance from the respondent to his daughter as made in good faith, and might have described her in his certificate as the owner. But if he chose to assume the burden of asserting and proving that the conveyance was fraudulent and void as against creditors and against himself as a creditor of the grantor, and to describe the grantor in his certificate as the owner, he was at liberty to do so, and, if he succeeded in such proof, it would be made to appear that his certificate truly described the only person as owner, who was, as against him, the owner of the land. The evidence offered was, therefore, wrongly excluded, and there must be a                                        *New trial.*