SOLOMON H. AMIDON *vs.* QUARTUS W. BENJAMIN.

Franklin.   Jan. 7. — June 25, 1880.   COLT & LORD, JJ., absent.

At the trial of a petition to enforce a mechanic's lien upon land, under the Gen. Sts. *c.* 150, it appeared that in the certificate of lien the respondent was alleged to be the owner of the land; that, before the contract with the petitioner was made, the respondent, who had then merely a bond for a deed of the land, borrowed a sum of money from his daughter, and told her he would give her a deed when he got one, and secure her on the place; that, after he got his deed, without her knowledge, he caused a deed, conveying the land to her absolutely, to be executed and recorded, and subsequently told her that a deed had been made; but there was no evidence that she ever had possession of the deed or of the land, or knew of the form or contents of the deed; and that the petitioner had knowledge of the deed when he filed his certificate of lien. *Held,* that this evidence would warrant a finding for the respondent.

PETITION, under the Gen. Sts. *c.* 150, inserted in a writ dated May 2, 1877, to enforce a mechanic's lien for labor performed and materials furnished in the erection of a building in Montague,

alleging that the respondent was the owner of the land; that the work was done and the materials furnished with his knowledge and consent; and that a certificate of the amount due the petitioner, containing a description of the property, and the name of the owner of the land, was filed in the office of the town clerk of Montague. At November term 1877, the petitioner filed a motion alleging that Emma J. Benjamin had the record title to the land, and praying that she be summoned to answer the petition; and this motion was granted. After the former decision, reported 126 Mass. 276, the case was tried in the Superior Court, without a jury, before *Dewey*, J., who reported the case for the determination of this court, in substance as follows:

Early in 1876, Alden W. Grout gave the respondent a bond for a deed of the land in question. The respondent thereupon began to build a house on the land, and soon after made the contract with the petitioner on which his claim is founded. Grout lived in the neighborhood, and frequently passed the premises while the building was in progress. On December 1, 1876, Grout made a deed of the land to the respondent, but the deed was not delivered until January 18 following, when the respondent mortgaged the land to one King, and both deeds were delivered at the same time.

There was no controversy as to the amount due the petitioner, nor as to the filing of the claim of lien, and bringing suit in proper season after said filing.

There was evidence that in November 1876, during the erection of the building, Benjamin borrowed $150 of his daughter, Emma J. Benjamin, and afterward borrowed of her a farther sum of $250, and that he told her he would give her a deed when he got a deed and secure her on the place. On February 10, 1877, without her knowledge, he executed and caused to be recorded an absolute deed of the lot in question and of other real estate. This deed remained in the registry until after the bringing of this suit, when it was taken away by the respondent and placed in the hands of counsel. Emma J. Benjamin was informed by her father that a deed had been made, but she never had possession of it and there was no evidence that she ever had possession of the land described in it. It did not appear that

she ever had knowledge of its form or contents. The petitioner had knowledge of the making and record of this deed.

Upon the foregoing facts, the respondent asked the judge to rule that the lien could not be maintained; the judge so ruled, and ordered judgment to be entered for the respondent. If, upon the foregoing facts, the petitioner was entitled to maintain the petition, judgment was to be entered for him, and the proper order made for sale of the premises; otherwise, the judgment for the respondent to stand.

*G. D. Williams*, for the petitioner. 1. The instrument executed by the respondent to his daughter never took effect as a conveyance. It was never delivered to the grantee named therein, or to any agent on her behalf; nor does it appear that she assented to it. *Maynard* v. *Maynard*, 10 Mass. 456. *Hedge* v. *Drew*, 12 Pick. 141. *Shaw* v. *Hayward*, 7 Cush. 170. *Marsh* v. *Austin*, 1 Allen, 235. *Hawkes* v. *Pike*, 105 Mass. 560. On the other hand, it appears that the agreement was that she should be " secured " on the place on which the house was being erected. The agreement therefore called for a mortgage of the place, but the instrument executed by the respondent was a deed of the place, and it did not appear that the grantee ever had even knowledge of the contents of the instrument.

2. If the instrument executed by the respondent to his daughter took effect as a conveyance, it was only as a mortgage. The evidence is that the respondent borrowed the money which his daughter let him have, and that he agreed to " secure her on the place." Any instrument made in pursuance of this agreement must be a mortgage. Jones on Mortgages, § 324, and cases there cited. If this instrument, absolute in form, is in fact only a mortgage, and as such would permit of redemption in equity, then it must be so treated in this proceeding; for to do otherwise would be to give effect to its form, fraudulent as to this petitioner.

*A. De Wolf*, for the respondent.

SOULE, J. The petition sets forth that Quartus W. Benjamin is the owner of the land on which a lien is claimed, that the work was done with his knowledge and consent, and that a certificate of the amount due the petitioner, stating the name of the owner of the land, was filed in the office of the town clerk of

Montague.  There is no dispute as to the amount due, nor as to the seasonableness of the filing of the certificate.  It appeared, however, at the trial in the Superior Court, that a deed of the premises to Emma J. Benjamin had been made and recorded before the certificate was filed in the office of the town clerk, and that the petitioner knew this.  The respondent contended that the lien could not be maintained, because the certificate did not state the name of the owner of the premises, as required by the statute.  Gen. Sts. *c.* 150, § 5.  The petitioner contended that the statute had been complied with, on the ground that the deed to Emma was never delivered, and, if delivered, was inoperative, because given without consideration and with the intent to defraud the creditors of Quartus.  If he had established the facts on which he relied, they would have sustained the allegation of ownership in the petition.  *Amidon* v. *Benjamin,* 126 Mass. 276.  The judge who presided at the last trial found for the respondent, and must, therefore, have found that the deed to Emma was made for a valuable consideration, and was delivered and was valid against creditors of the grantor.  This finding was warranted by the evidence.  The grantor, being in debt to Emma, promised to convey the premises to her when he obtained a title.  He made the deed in about three weeks after the conveyance to himself, having first incumbered the premises with a mortgage to one King.  Emma never had the deed in her possession, but she was informed that it had been made, and it was put in evidence after she had been summoned in to defend her title against this petition.  There is enough in these facts to warrant the finding that Emma assented to and accepted the deed in payment of the debt due her from the grantor.

It follows that the petitioner lost his lien, because he did not state in his certificate, filed in the town clerk's office, the name of the owner of the land, it being known to him.

*Petition dismissed.*