RODERICK McPHEE *vs.* FREDERICK W. LITCHFIELD
& others.

Suffolk. Nov. 10, 1887. — Jan. 6, 1888. DEVENS & W. ALLEN, JJ.,
absent.

Under the Pub. Sts. *c.* 191, § 6, providing that a mechanic's lien shall be dissolved unless the person desiring to avail himself thereof files in the registry of deeds a statement including the name of the owner of the property, if known, the fact that, when ignorant of the owner's name, he sets forth in his statement that he believes A. to be the owner, does not prevent his maintaining a petition against B., who is in fact the owner.

PETITION, under the Pub. Sts. *c.* 191, against Frederick W. Litchfield, Catherine Broderick, and Margaret McNamara, to enforce a mechanic's lien for labor performed in the erection of a building in Chelsea.

Trial in the Superior Court, before *Pitman*, J., who ruled that the petitioner was entitled to maintain his lien; and reported the case for the determination of this court. The facts appear in the opinion.

*J. A. Maxwell*, for the respondents.

*T. J. Morrison*, for the petitioner.

MORTON, C. J.   The only objection made by the respondents to the validity of the petitioner's lien is that the certificate filed by him in the registry of deeds was insufficient.   The statute provides that " the lien shall be dissolved unless the person desiring to avail himself thereof, within thirty days after he ceases to labor on or to furnish labor or materials for the building or structure, files in the registry of deeds for the county or district in which the same is situated a statement of a just and true account of the amount due him, with all just credits given; a description of the property intended to be covered by the lien, sufficiently accurate for identification; and the name of the owner or owners of such property, if known."   Pub. Sts. c. 191, § 6.

In the case before us, the petitioner duly filed a certificate which was in all respects a compliance with the statute, unless the statement therein as to the ownership of the property was insufficient.   This statement was as follows: " said lot of land being owned, to the best of my knowledge and belief, by Catherine Broderick, of said Chelsea."   In fact the property was owned by the defendant McNamara, but the petitioner believed that the defendant Broderick was the owner.   The statute and the decisions regard it as important that the name of the owner should be given in the certificate, if it can be done, because, otherwise, subsequent purchasers who buy upon the faith of the registry title are liable to be misled; and it has been held that, if a petitioner knows the true owner and gives a wrong name in his certificate, it avoids the certificate and he loses his lien. *Kelly* v. *Laws*, 109 Mass. 395. *Amidon* v. *Benjamin*, 128 Mass. 534.

But the statute contemplates that there may be cases where the name of the owner need not be given in the certificate.   The name is to be given " if known."   This implies that, if the name is not known to the petitioner, the certificate is good if it does

not name the owner. In this case the petitioner did not know the owner, and thus it differs from *Kelly* v. *Laws*, and *Amidon* v. *Benjamin, ubi supra.*

This case, then, is one where the name of the owner is unknown. If the certificate had so stated, no fault could be found with it. Does the fact that the petitioner innocently states his belief that the respondent Broderick is the owner vitiate the certificate? So to hold would be to import into the statute a provision not found there. We are of opinion that this cannot be done, especially in a case like this, where the honest mistake of the petitioner has not in any way misled or injured the respondents. *Judgment accordingly.*