RICHARDS ET AL., RESPONDENTS, *v.* LEWISOHN BROS., APPELLANTS.

[Submitted January 20, 1897.   Decided January 25, 1897.]

*Mechanics' Lien—Judgment on Publication of Summons—Contents of Notice of Lien—Description of Party.*

JUDGMENT—*Summons Served by Publication.*—In an action to foreclose a mechanic's lien, summons was served by publication; *held,* that a personal judgment could not be entered against the defendant so served. (§ 1383, Fifth Division of the Compiled Statutes, 1887.)

MECHANIC'S LIEN—*Description of Party.*—The notice of lien filed by plaintiff, as well as the account, described the person for whom the material and labor were furnished and the owner of the building as "Lewisohn (whose christian name is unknown)." The action is brought against Lewisohn Bros. who are alleged to be the owners, *Held,* that the notice and claim were sufficient.

SAME—It seems that, where the name of the owner of the building is known, it should be given in full. (§§ 1371, 1372, 1373 of the Compiled Statutes, 1887, construed.)

*Appeal from District Court, Silver Bow County. William O. Speer, Judge.*

ACTION by Theodore Richards and Patrick Culkin, co-partners as Richards & Culkin, against Lewisohn Bros., to enforce a mechanic's lien. There was judgment for plaintiff, and defendants appeal. Modified.

Statement of the case by the justice delivering the opinion.

Foreclosure of mechanic's lien. Plaintiffs, as co-partners, allege, among other things, that defendants, Lewisohn Bros., a firm composed of persons unknown to the plaintiffs, are the owners and reputed owners of the property upon which the plaintiffs, as plasterers, performed certain work; that, to secure and perfect their lien upon the building and lands, they filed their claim, duly verified, and made part of the complaint. The exhibits attached to the complaint were marked "A" and "B." Exhibit A reads as follows:

Butte City, Montana, Dec. 26, 1892.

Lewisohn (whose Christian name is unknown)
to Theodore Richards and Patrick Culkin, Dr.

| | |
|---|---:|
| To 2,497 yards lathing, at 4 cts. per yard | $ 99 88 |
| To 187 yards lathing, at 8 cts. per yard | 14 96 |
| To lath patching | 4 00 |
| Total amount due | $118 84 |

Exhibit B, after reciting that the work was done as set forth in the preceding itemized statement, continued, "that said lathing, and the whole thereof, was done at the special instance and request of Lewisohn (whose Christian name is to us unknown), the owner of said building and ground on which same is situated, and the person for whose immediate use and benefit the said lathing was done," etc. Both plaintiffs verified the notice of lien and statement of account. Summons was served by publication upon the defendants, who failed to appear. Judgment was entered against them for the amount of the lien and costs, and it was decreed that the premises involved be sold to satisfy the judgment. Defendants appeal from the judgment.

*C. R. Leonard,* for Appellants.

*Paschal & Darrow,* for Respondents.

Hunt, J.—The appellants ask a reversal of this case upon the single ground that the complaint does not support the judgment. This question is properly raised on appeal from the judgment alone. (*Foster* v. *Wilson*, 5 Mont. 53, 2 Pac. 310; *City of Helena* v. *Brule*, 15 Mont. 429, 39 Pac. 456, 852; *Tracy* v. *Harmon*, 17 Mont. 465, 43 Pac. 500.

Appellants first object to the judgment itself. The judgment was that the plaintiffs have and recover of the said defendants the sum of $140.60, the amount of the lien and debt, together with costs, due from defendants to plaintiffs. It was also further ordered, adjudged and decreed that, all and singular, the premises mentioned in the complaint be sold, or so much thereof as might be sufficient to raise the amount due the plaintiffs upon said judgment, interest, and costs, and that the sheriff sell the same in manner provided by law. Inasmuch as it appears that service was had by publication, this judgment, if otherwise valid, is supported by the complaint only so far as it awards to plaintiffs a recovery of the amount of the indebtedness found to be due, and costs, to be levied out of the property charged with the lien thereof, and described in the judgment. (Compiled Statutes 1887, Div. 5 § 1383.) No personal judgment could be rendered in this state against the owners of the realty in a suit to foreclose a mechanic's lien, where the service was by publication. (Phil. Mech. Liens, § 307.) If, therefore, the judgment is otherwise supported by the complaint, it can, in this respect, be modified so that the plaintiffs may be granted that remedy which the statutes above cited grant, and that alone.

But the appellants further contend, that no judgment at all can stand in the case, because the lien does not connect Lewisohn Bros. with the ownership of the property, or with the work alleged to have been performed. The argument of counsel is that because the lien shows that the work was performed by plaintiffs for Lewisohn, whose christian name was unknown, the lien paper itself disproves the allegations of the complaint that defendants Lewisohn Bros., a firm of persons unknown to plaintiffs are the owners and reputed owners of

the lots of ground.   Tested by the familiar general principle that mechanics' liens are of an entirely statutory and extraordinary nature, and that a person who strictly pursues the statute must be granted his remedy, if justly entitled thereto, we think plaintiffs properly recovered in this case.

We are not called upon to positively decide whether, under section 1371, Compiled Laws, 1887, or the amendments thereto, approved September 14, 1887 (Laws Extra Session, 1887, page 71), a notice of lien mu-t contain the name of the owner or reputed owner of the property sought to be charged; but it would seem that, when sections 1371 and 1372 are considered together, there should be a statement of the owner's or reputed owner's name, if known to the claimant.   It will be noted that sections 1371 and 1372 simply, in substance, require the filing by the claimant of a just and true account due or owing, after allowing all credits, and containing a correct description of the property to be charged with the lien, and verified by affidavit.   Considered without reference to any further section of the law, it would doubtless be held, under the sections cited, that it was not essential that the name of the owner or reputed owner of the property be given.   It was so held in *Hays* v. *Mercier*, 22 Neb. 656, 35 N. W. 894.   But it is provided by section 1373 of the Compiled Laws of 1887 that the recorder of the county shall make an abstract of the lien account, in a book kept for the purpose, containing (1) the name of the claimant, (2) the amount of the lien, (3) the name of the person against whose property the lien is filed, and (4) the description of the property.   The objects of having these particulars specified by the county recorder in an abstract book are to enable owners to have notice that their property is sought to be charged, and to inform them of the claims filed.   *Beals* v. *Congregation B'nai Jeshurun*, 1 E. D. Smith, 654.   Now, as the county recorder must make this abstract of the contents of the claim filed, clearly he can only secure his information for the entries from the account filed in his office; and, if this be correct, he must secure the name of the owner of the property from the lien notice itself, it would therefore

appear to be necessary that there be some statement in the notice or account of the name of the owner or the reputed owner, if known. This construction of the statutes puts the several provisions relating to the subject of lien notices in harmony with one another, and is but a reasonable imposition apparently contemplated by the law to be put upon the lien claimant.

The case in hand, however, is not one where the name of the owner was omitted in the account or statement, but one where the christian name of an alleged sole owner was left out because "unknown" to the claimants, and where the complaint filed afterwards alleged there were two owners (the one named in the account and another) whose names are unknown to the plaintiffs. So that if our views just expressed upon the necessity of naming the owner, if it can be done, are to be applied, we shall find respondents have brought themselves within the rule approved of, by naming an owner or reputed owner, and even excusing themselves from giving his christian name. The averments in the account and in the statement, which are verified, are, respectively, that Lewisohn, whose christian name is unknown, owes the account, and that the lathing was done at the request of Lewisohn, whose christian name is unknown, the owner of the building and lots. The lien notice was sufficient. It named as an owner one Lewisohn, to whom it gave notice of the claim against the property described.

The facts in the case before us are analogous to those before the court in *McPhee* v. *Litchfield*, 145 Mass. 565, 14 N. E. 923. There the plaintiff filed his petition to enforce a mechanic's lien. The statute provided, among other things, that the lien should be dissolved unless the petitioner desiring to avail himself thereof * * * filed in the registry of deeds a statement of a just and true account of the amount due him, with all just credits given; a description of the property * * * and the name of the owner or owners of such property, if known. The petitioner, McPhee, in his statement, averred that the lot of land was owned, to the best of his knowledge

and belief, by Catherine Broderick.   Upon the trial it appeared that in fact the property was owned by the defendant McNamara, but the petitioner believed that the defendant Broderick was the owner when he filed his statement.   The supreme court decided that it was important that the name of the owner should be given in the certificate, if it could be done, and went on to say :   "But the statute contemplates that there may be cases where the name of the owner need not be given in the certificate.   The name is to be given 'if known.'   This implies that, if the name is not known to the petitioner, the certificate is good if it does not name the owner.   In this case the petitioner did not know the owner, and thus it differs from *Kelly* v. *Laws*, 109 Mass. 395, and *Amidon* v. *Benjamin*, 128 Mass. 534.   This case, then, is one where the name of the owner is unknown.   If the certificate had so stated, no fault could be found with it.   Does the fact that the petitioner innocently states his belief that the respondent Broderick is the owner vitiate the certificate ?   So to hold would be to import into the statute a provision not found there.   We are of opinion that this cannot be done, especially in a case like this, where the honest mistake of the petitioner has not in any way misled or injured the respondents."   The opinions of this court since the decision in *Black* v. *Appolonio*, 1 Mont. 342, have been in line with the approved rule which treats the mechanic's lien statute as remedial.   "Such a statute," said Judge Knowles in *Black* v. *Appolonio*, ' should be strictly pursued, while it should be liberally construed."   See, also, to like effect, *Smith* v. *Mining Co.*, 12 Mont. 524, 31 Pac. 72.   The statute of California requires the statement in the claim of lien to give the name of the owner or reputed owner, if known.   In *Lumber Co.* v. *Newkirk*, 80 Cal. 275, 22 Pac. 231, where plaintiff sued to foreclose a mechanic's lien, the complaint charged that the claim filed stated the name of E. B. Newkirk as owner and reputed owner of a leasehold interest in the property to be charged, and stating in the lien that the owner of the fee was unknown.   The court there said :   "This averment shows a compliance with the require-

ment of the statute above quoted.    It is substantially an aver-ment that it was stated in the claim filed that neither the name of the real owner nor of the reputed owner was known to the plaintiff when he filed his lien.    The plaintiff is only required to state the names mentioned, if known.    If the names are not known, the claim filed is sufficient if it is silent on this sub-ject.''    Surely, if the claim need aver nothing on the subject of ownership where the owner's name is unknown, an honest omission to give the christian name of an owner, and to in-clude another owner by the same surname, because unknown, ought not to be fatal to the lien, where the complaint contains sufficient averments of the names, or gives an excuse for not making them more specific.    (Jones on Liens, § 1400; Phil. on Mechanic's Liens § 345.)    This doctrine appeals to reason, and finds high authority to sustain it in the case of *Cleverly* v. *Moseley*, 148 Mass. 280, 19 N. E. 394, where the claimant's statement averred that the lot, to the best of his knowledge and belief, was owned by Herbert Moseley.    It turned out on trial that Herbert Moseley was not the owner.    Upon the ob-jection to the statement, it was held that while, to conform to the law, the owner's name should always be given in the state-ment, if possible, the omission of it, or a mistake in it, if it is not known to the claimant, is not necessarily fatal to the lien. The opinion adds the following :    ''An incumbrance created by filing a statement claiming a lien can in no event remain long before the lien is enforced by proceedings in court.    The pos-sible existence of such an incumbrance is commonly suggested by the condition of the property so far as to put purchasers upon inquiry, and the statute contemplates that one examining a title may find it necessary to look beyond the names indexed in the register, to the descriptions of the lands in the state-ments recently filed.''    Whether or not the complaint in the case before us should have been more definite in its allegations concerning the statements of ownership in the lien is not ma-terial.    The only question we are to pass upon is whether it supports the judgment.    Our conclusion is that it does, but that the decree should be modified as hereinbefore discussed.

The case is therefore remanded for modification of the decree as indicated, and when the decree is so modified it will be affirmed.

*Affirmed.*

PEMBERTON, C. J., and BUCK, J., concur.