### WATERS v. JOHNSON.

1. MECHANICS' LIENS—STATEMENT OF CLAIM—SURPLUSAGE.
   Where complainant filed a bill for the foreclosure of a lien for a definite amount against defendant, a statement in the claim of lien as follows: "And also for certain materials furnished in improving a house on land hereinafter described, in pursuance of a contract with A. C., contractor,"—was treated as surplusage.

2. SAME—OWNER—CLAIM OF LIEN.
   Sections 10714 and 10715, 3 Comp. Laws, requiring a claim of mechanic's lien to contain the name of the owner of the premises, if known to the claimant, and a copy of such statement to be served on the owner, refer to the person who owns the premises at the time the claim of lien is filed.

3. SAME—NAME OF OWNER UNKNOWN.
   Where the name of the owner of the land is unknown to the claimant at the time of making the claim of lien, that fact should be stated in the claim of lien.

4. SAME—MISSTATEMENT OF NAME.
   A misstatement in the name of the owner in a claim of lien filed with the register of deeds is fatal to the proceedings, unless the claimant's ignorance of the true name of the owner is chargeable to the owner himself.

Appeal from Van Buren; Carr, J. Submitted June 5, 1903. (Docket No. 156.) Decided September 22, 1903.

Bill by Harlan P. Waters, Frank J. Pugsley, and Harry C. Waters, copartners as H. C. Waters & Company, against Alva M. Johnson, Ellen M. Johnson,

Elizabeth Stevenson, and the First National Bank of Paw Paw, to enforce a mechanic's lien.   From an order overruling a demurrer to the bill, defendant Stevenson appeals. Reversed.

*Barnard & Lewis*, for complainants.

*David Anderson* and *Archibald Cattell*, for appellant.

CARPENTER, J.   This is a suit in chancery to enforce a mechanic's lien.   Defendant Stevenson appeals from an order overruling a demurrer to complainants' bill of complaint.

The bill avers that the labor and materials for which the lien is claimed were furnished under a contract between complainants and defendant Alva M. Johnson, in improving and repairing the house and barn of said Johnson, situated on the land described in said bill; that the first of said material and labor was furnished July 6, 1901, and the last December 28, 1901; that on February 10, 1902, complainants filed in the office of the register of deeds of Van Buren county (the county in which the property in controversy is situated) their claim of lien, and served the same on said Alva M. Johnson; and that defendant Alva M. Johnson and his wife, Ellen M. Johnson, on December 21, 1901, by warranty deed, conveyed the property in controversy to defendant Elizabeth Stevenson, and that said deed was recorded in the office of the register of deeds of Van Buren county, in Liber 111 of Deeds, at page 540.

The said claim of lien is annexed to, and made a part of, complainants' bill.   It states that complainants furnished certain labor and materials in and for improving and repairing a certain house and barn situated on the land thereinafter described, "in pursuance of a certain contract with Alva Mason Johnson, the owner; and also for certain materials furnished in and for improving and repairing a certain house and barn, situated on the land hereinafter described, in pursuance of a certain contract with Alonzo Curtiss, contractor;   *   *   *   and that there

is justly and truly due [the complainants] therefor from the said Alva Mason Johnson, over and above all legal set-offs, the sum of $305.33, for which amount [they] claim a lien on said land, of which Alva Mason Johnson is the owner." Said claim of lien is sworn to by complainant Harry C. Waters.

The grounds of the demurrer may be classified under three heads, which we will proceed to state and dispose of.

*First.* That said bill did not sufficiently state the terms of the contract and of its performance. Respecting this ground, we think it unnecessary to say more than that in our opinion it is not well taken.

*Second.* That it appeared by the claim of lien that a portion of the amount claimed was furnished to Alonzo Curtiss, a contractor; that the bill was defective in not stating what amount was furnished to Curtiss, and in not making him a party. The basis of this ground of demurrer is the following statement in the claim of lien:

"And also for certain materials furnished in and for improving and repairing a certain house and barn, situated on the land hereinafter described, in pursuance of a certain contract with Alonzo Curtiss, contractor."

The only construction we are able to place upon the claim of lien compels us to regard the foregoing statement as surplusage. It seems to have no connection whatever with the claim asserted against defendant Johnson, which, it is stated, amounts to $305.33. In our judgment, therefore, this ground of demurrer is not well taken.

*Third.* That the case made by the bill is fatally defective, because it shows that complainants named as owner in their claim of lien, and served notice of said claim upon, not defendant Stevenson, but defendant Johnson. It appears by the bill that defendant Johnson owned the property at the time that complainants entered into their contract to improve and repair it, and that defendant Stevenson owned it, and had owned it for more than a month, when the claim of lien was made. In making and serving the claim of lien, should the lien claimants

have regarded defendant Johnson or defendant Stevenson as the owner of the premises?

The statutes which provide for this claim and service are sections 10714 and 10715, 3 Comp Laws. Section 10714 provides for the claim of lien. It requires the claim to contain, among other things, "the name of the owner, part owner, or lessee, if known," and to be verified by affidavit; and the form therein contained has this recital: "Of which ——————is the owner (or part owner or lessee, as the case may be)." Section 10715 requires a copy of said statement, "within ten days after the filing thereof," to be served "on the owner, part owner, or lessee of such premises," and that "proof of such service shall be filed in the office of the register of deeds    *    *    *    before any subsequent proceedings shall be taken for the enforcement of such lien."

We think it obvious that the owner referred to in both these sections is the owner at the time the claim of lien is made. In our opinion, the above-quoted language of the statute admits of no other construction. The evident purpose of the statute is to give notice to the party most vitally interested that a lien is asserted against his property. We cannot suppose that the law contemplated so futile a proceeding as a notice to one who has no interest whatever in the property, simply because he once had an interest therein. While this question has never before received the attention of this court, decisions in harmony with these views have been made in several of our neighboring States. See *Amidon* v. *Benjamin,* 128 Mass. 534; *McPhee* v. *Litchfield,* 145 Mass. 565 (14 N. E. 923, 1 Am. St. Rep. 482); *Derrickson* v. *Edwards,* 29 N. J. Law, 468 (80 Am. Dec. 220); *Corbett* v. *Chambers,* 109 Cal. 178 (41 Pac. 873); *Sprague Investment Co.* v. *Mouat Lumber & Investment Co.,* 14 Colo. App. 107 (60 Pac. 179); *Willamette Lumbering Co.* v. *McLeod,* 27 Or. 272 (40 Pac. 93); *Collins* v. *Snoke,* 9 Wash. 566 (38 Pac. 161).

Complainants contend that they were under an obligation to name in their claim of lien, and to serve notice upon, the true owner only when his name was known to them, and that it is not in this case to be presumed that her name was known to them. The basis of this contention is the language of section 10714, requiring the statement of the name of the owner, "if known." It is true that lien claimants are by this language relieved from the obligation of stating in their claim the owner's name, if in fact his name is not known. See *McPhee* v. *Litchfield*, 145 Mass. 565 (14 N. E. 923, 1 Am. St. Rep. 482); *Durling* v. *Gould*, 83 Me. 134 (21 Atl. 833). The lien claimants must take advantage of this language when they make their claim of lien. If, as in this case, they file a statement in which they swear, in effect, that they do know the owner's name, the statute does not relieve them from the consequences of a mistake in stating that name. *McElwee* v. *Sandford*, 53 How. Prac. 89. It is to be noted that if the lien claimants are, by section 10714, relieved from their obligation to state in their claim of lien the owner's name when they do not know it, there is nothing to indicate that their obligation in section 10715, to serve the owner within 10 days, does not bind them within that time to ascertain his name.

What, then, are the consequences of misnaming in the claim, and of failing to make service upon, the owner whose property it is sought to take? The statute, in our judgment, imperatively requires that said owner be named in the claim, save when his name is unknown, in which case it need not be stated, and that service be made upon said owner within 10 days. It follows, therefore, that when the lien claimants proceed against a certain person as the owner, and positively swear in their claim that he is the owner, they will not be permitted to excuse this mistake by pleading ignorance, unless, as hereinafter pointed out, that ignorance is justly chargeable to the owner himself. A contrary construction of the statute would defeat its evident purpose, that the owner, as well as others inspect-

ing the record, should have notice that his interests are affected. One inspecting the record made by the complainants in this case could not suppose, as possibly he might if the claim of lien had not positively averred defendant Johnson to be the owner, that the interests of defendant Stevenson were in any way affected. It follows, therefore, that the suit of complainants must fail, unless under an amendment to their bill they can present proofs which will excuse their disregard of the provisions of the statute. If no such amendment is possible, we should, in reversing this case, not only sustain the demurrer, but dismiss complainants' bill. If such an amendment is possible, we should remand the record to the court below.

We are bound, therefore, in disposing of this case, to determine whether it is possible for complainants to make a case which would excuse the mistakes pointed out. We have already determined that these mistakes would not be excused simply because complainants did not know that defendant Stevenson was the owner of the property. If, however, defendant Stevenson so conducted herself as to lead complainants to believe that defendant Johnson continued the owner of said property, she would be estopped from taking advantage of their position now. If she neither took possession of the property in suit nor recorded her deed, we think her conduct would have justified complainants, in the absence of any notice to the contrary, in asserting that said Johnson continued to be the owner of said property. The bill of complaint avers no fact directly bearing upon this question. While we cannot presume the existence of any such fact, it would be unjust to deprive complainants of all opportunity of proving it, if by any possibility it does exist.

The order of the court below overruling the demurrer will therefore be vacated, and the demurrer sustained. The case will be remanded to the court below, with directions to permit complainants to amend their bill, if, under

the decision in this case, they are advised that such an amendment can be made. Defendant Stevenson will recover costs.

The other Justices concurred.