BLACK, respondent, *v.* APPOLONIO et al., appellants.

PRACTICE — *continuance — diligence — affidavit and facts considered.* The refusal of the court below to grant a continuance will not be reviewed if there has not been a gross abuse of discretion. In determining what diligence has been used to obtain evidence, the court must consider not only the affidavit for a continuance, but facts within its judicial knowledge of the condition of the country and means of communication.

CASE AFFIRMED — *mechanic's lien.* The case of *Mason v. Germain, ante,* p. 263, deciding that the lien of a mechanic is not destroyed, if the court finds that the party has claimed, without fraud, more than he was entitled to, affirmed.

STATUTORY CONSTRUCTION — *law relating to mechanics' liens — remedial.* The act " securing liens to mechanics and others" should be strictly followed, but it is a remedial statute and should be liberally construed.

STATUTORY CONSTRUCTION — *"just and true account."* Under the act " securing liens to mechanics and others," the words, "a just and true account," do not mean the exact account for which judgment may be entered, but an honest statement of the account by the party claiming the lien.

STATUTORY CONSTRUCTION — *mechanics' liens — implied contract.* Under the act " securing liens to mechanics and others" a mechanic is entitled to his lien for the payment of his services, which have been performed under an implied contract.

HOFFMAN *v.* WALTON DOUBTED. *Hoffman* v. *Walton,* 36 Mo. 613, gives too strict a construction to the statute securing liens to mechanics.

*Appeal from the Third District, Lewis and Clarke County.*

BLACK brought this action in May, 1870, to recover $719.50 and interest, and have the same decreed a lien on the " Walla Walla Hotel." The lien set forth in the complaint was as follows: " Know all men by these presents that, under an agreement with Joseph Appolonio, the owner of the premises (description omitted by reporter), the undersigned has performed labor and furnished materials in and

about (description): That said materials were furnished and labor performed (time omitted by reporter): That the amount due thereof, and for which the undersigned claims a lien, is the sum of seven hundred and nineteen $\frac{50}{100}$ dollars, over and above all payments and set-offs.

"I, the undersigned, Joseph Black, do hereby make known my intention to hold a lien upon the above described premises * * * for the said sum of $719$\frac{50}{100}$ and interest thereon * * * ."

In the affidavit, Black swears that the foregoing notice "is true in all respects, and contains a just and true account of the demand due him, after deducting all proper credits and offsets."

Appolonio failed to appear and answer. The other defendants, Higgins, Hagadorn and Woolman, who had a mortgage on the premises from Appolonio, answered and denied all the material allegations of the complaint, and claimed that their mortgage was a prior lien to the pretended lien of Black.

In July, 1870, the cause was continued, on the application of Higgins, Hagadorn and Woolman, to procure the depositions of Appolonio and one Rafferty. In October, 1870, another application was made by the same defendants for a continuance to enable them to obtain the same depositions. The affidavit alleged that Rafferty and Appolonio were near Cedar creek, in Montana, about two hundred miles from Helena, and that the defendants had written letters and made inquiries to ascertain their whereabouts before the term commenced.

This motion for a continuance was overruled, and defendants excepted. The cause was then tried by the court, Symes, J., who entered a judgment for Black for $719.50, and a decree for the sale of the premises to secure the payment of $600 of said judgment.

The motion for a new trial was overruled by the court, Symes, J., and defendants, Higgins, Hagadorn and Woolman, appealed.

J. J. Williams and Chumasero & Chadwick, for appellants.

The affidavits for a continuance showed a proper cause therefor.   Civ. Prac. Act, § 158.

The respondent did not comply with the law securing liens to mechanics.   He did not file with the county recorder a just and true account of his demand, after allowing all credits.   Acts 1865, 333, § 6.   This law is in derogation of the common law and must be strictly complied with by those who seek its benefits.   It must be strictly construed. Houck on Liens, § 70 ; *Brady* v. *Anderson*, 24 Ill. 112.

Respondent filed his notice of lien and account in gross. The bill of items, that was furnished to appellants after this suit was brought, showed that respondent included in his notice of lien the use of a shop and tools for some of the workmen.   He can only have a lien for " work and labor done and performed upon or for materials, machinery and fixtures for building," etc.   Acts 1865, 332, § 1.   The account required to be filed must be confined to those specific items.   Any thing beyond these is fraudulent and invalidates the whole claim for a lien.   Houck on Liens, § 210.

If the account filed and proven is combined with other charges, for which no lien in given, so that it cannot be ascertained from the account filed how much of the gross charge is a lien, the whole benefit of the act is lost.   *Edgar* v. *Salisbury*, 17 Mo. 271.

Lawrence & Hedges, for respondent.

Appellants showed no diligence to obtain testimony of Appolonio and Rafferty.   Their affidavit shows that they made arrangements with them to attend as witnesses, after the suit was commenced, and that Appolonio and Rafferty have not been beyond the reach of a subpœna.   No subpœna was issued.

No exception was taken to the finding of the court below. Civ. Prac. Act, § 180.   No objection was made to the introduction of the lien in evidence.

KNOWLES, J. This is an action to enforce a mechanic's lien against the Walla Walla Hotel, in the town of Helena, for work and labor done thereon in the erection of the same.

Judgment was given by the court below against Appolonio for $719, and a lien was awarded against the said property for the sum of $600.

The first error assigned is the refusal of the court below to grant a continuance on the affidavits filed and presented in the record.

The refusing or granting a continuance rests in the sound discretion of the court to whom the application is made. 11 Cal. 21; 23 id. 156.

This court cannot review this discretion, unless it was grossly abused. The court, as appears of record, upon the application of appellant, granted a continuance for one term for the purpose of allowing appellants to procure the testimony of the very witnesses named in this application. One of these witnesses, and the most important in the case, as appears by the decree, had been duly served with summons in this case, and had made default, and in law confessed the allegations of the complaint. A court, in passing upon a motion for continuance, is not confined to the statements in the affidavit, but can take into consideration those facts which are within his judicial knowledge concerning the condition of the country and the means of communication in determining whether due diligence has been used. Taking all these matters into consideration we can find no abuse of discretion.

The second point made by appellants is, that the lien should be set aside, for the reason that respondent claimed a lien for a greater amount than the court below found he was entitled to.

This court held, in the case of *Mason & Duke* v. *Germaine*, that a claim for a lien for a greater amount than a party shows himself entitled to would not vitiate the lien, if the same was unaccompanied by any fraud. This court cannot infer fraud from the facts presented in this record. The mere fact that an excess was claimed as a lien over

what the court found the respondent entitled to is not sufficient.

The case of *Edgar* v. *Salisbury*, 17 Mo. 271, is not in point. The question of fraud was not presented in that case. All that the court then decided was, that where it appears on the face of the pleadings that a party has claimed a lien for services for which the law gives no lien in the same notice for a lien for services for which the law does give a lien, and in the notice of lien an amount is claimed *in solido*, and no items specifying the amount due for each service on demurrer, the court will give judgment for defendant, for the reason that it cannot separate the amount, and tell what is a valid lien and what not.

It appears from the cases cited in Houck on Liens, that there is some conflict of opinion upon this point. While we are fully aware that the statute, giving mechanics and others liens, is in derogation of common law, and provides an extraordinary remedy, yet it is a remedial statute, and should be so construed as to further the object intended. Under our statute a mechanic can claim a lien for services under an implied contract. If the strict construction claimed is to prevail, then, should a mechanic fail to determine the exact amount a court or jury, under the testimony, might find his services to be reasonably worth, his lien would fail. It appears to us that all our statute requires is, that a person wishing to avail himself of the benefits of it should honestly state his account. The term, "just and true account," does not necessarily imply more than this. Neither does "a just or true account" imply, necessarily, the exact account a jury or court might find due under the contract. The case of *Hoffman et al.* v. *Walton et al.*, cited in Houck on Liens, as a case decided in Missouri, gives too strict a construction of a statute similar to ours. In the case of implied contracts it would make it useless, and afford no relief to those it was intended to. If a mechanic should make a mistake in addition, and claim one dollar more than he was entitled to, this would vitiate his lien. The definition of "just and true account," it decides,

in effect, to be an exact account. Considering the character of this statute, securing to mechanics and others liens, and the class of community intended to be protected by it, this construction of the statute may be said to stick in the bark. Houck on Liens says, "that in States where a lien is given on an implied contract, it would be doubtful whether so strict a construction would be given as in Missouri." We can see no difference in principle in the construction of the statute, whether the claim for a lien was on an express or implied contract. Such a statute should be strictly pursued, while it should be liberally construed.

The court below found no fraud on the part of the respondent.

Judgment of the court below affirmed.

*Judgment affirmed.*