SIMONTON, respondent, *v.* KELLY et al., appellants.

MECHANICS' LIEN — *trial* — *case affirmed.* The case of *Mochon* v. *Sullivan, ante,* p. 470, deciding that a suit to foreclose a mechanics' lien is an equitable action and must be tried by the judge, sitting as a chancellor, affirmed.

*Appeal from the Third District, Lewis and Clarke County.*

THIS case was before the court in August, 1871, and is reported *ante,* p. 363. WADE, J., rendered a decree in favor of Simonton, in June, 1872, and Kelly appealed.

The cause came on regularly for trial on June 14, 1872, and the court, WADE, J., ordered that the same "be tried in accordance with the rules and practices established in equity cases, and that the same be regarded as an equity cause, and, as such, tried by the court." To all of which Kelly excepted. The other facts appear in the opinion and the first report of the case, *ante,* p. 363. The decree of the court finds the facts relating to the contract between the parties for the construction of a certain building; that Simonton performed the same; that there was due to him from Kelly a certain sum, and that Simonton had acquired a lien on the building for the payment of said sum, under the statute securing liens to mechanics. The court then ordered, adjudged and decreed, "that the claim so due and owing to said plaintiff, to wit, the sum of $1,211.25, be and the same is hereby declared and decreed to be a lien upon the said premises above, herein and in said complaint described. And it is further ordered, adjudged and decreed, that all and singular the said premises mentioned and described herein, and in said complaint, or so much thereof as may be sufficient to raise the amount due the plaintiff for the principal, interest and costs in the suit and expenses of sale, be sold at public auction by or under the direction of Rufus E. Arick, Esq., one of the masters in chancery of this court; that said sale be made in the town of Helena, in said county; that said master gave public notice of the time and place of such sale, according to the course and practice

of the court, and the law relative to sales of real estate under execution, and that the plaintiff or any of the parties to this suit may become the purchaser thereof at such sale, and that the said master, after the time allowed by law for redemption has expired, execute a deed to the purchaser or purchasers of said premises; that said master, out of the proceeds of such sale, retain his fees, disbursements and commissions on said sale, and pay to the plaintiff, or his attorneys, out of said proceeds, the costs in this suit, taxed at $   , and the sum of $1,211.25, being the amount due him as aforesaid, with interest thereon from this date, at the rate of ten per cent per annum, or so much thereof as said proceeds will pay of the same." The decree further ordered, that the master should make a report of the sale to the court; that certain parties having an interest in the premises be barred and foreclosed of all equity of redemption therein; that the purchaser be let into the possession of the premises on the production of the master's deed, and that "if the moneys arising from the sale shall be insufficient to pay the amount so found due to the plaintiff, as above stated, with the interest and costs and expenses of sale as aforesaid, .the master in chancery shall specify the amount of such deficiency and balance due to the plaintiff, in his return of said sale; and that, on the coming in of said return, a judgment of the court shall be docketed for such balance against the defendants, Henrietta Kelly and John Kelly, who are personally liable to the said plaintiff for the amount of such deficiency, and judgment, with interest thereon, at the rate of ten per cent per annum, from the date of last-mentioned return and judgment, and that the plaintiff have execution therefor."

E. W. TOOLE, J. J. WILLIAMS and SHOBER & LOWRY, for appellant.

The court erred in refusing appellants a jury trial. Acts 1865, 335, § 12.

The court erred in ordering a sale of the property first, and a judgment for any deficiency to be entered, if the prop-

erty failed to bring the amount found due.   Acts 1865, 336, §§ 18, 19.  A special *fieri facias* must issue before the property is sold.  If no other property can be found, then the property against which the lien is established is to be sold.

The mechanics' lien law is strictly a statutory proceeding, and is unknown to the common law or chancery.  The proceedings should comply with the statute.  Houck on Liens, §§ 17, 47, 58, 67, 69, 70, 71, 75.

CHUMASERO & CHADWICK, for respondent.
No brief on file.

WADE, C. J.   This was an action to foreclose a mechanics' lien, tried at the June term of the district court of Lewis and Clarke county.

The defendant made a motion asking that the cause be tried to a jury.  This motion was overruled, and the cause ordered to be and was tried before the court sitting as a chancellor.  This action of the court is assigned as error.

This being a suit to foreclose a mechanics' lien, is an equitable action, and was properly tried to the judge sitting as a chancellor, and without the intervention of a jury.  A jury in such a case is only proper when asked for by the court, in aid of its conscience upon any particular question or issue in the case.

This case involving the same questions as those decided at this term in the case of *Mochon* v. *Sullivan,* reference is here made to that decision.

                                              *Judgment affirmed.*