COOK et al., Respondents, *v.* GALLATIN RAILROAD COMPANY et al., Appellants; WALTZ et al., Interveners.

(No. 1,556.)

(Submitted April 30, 1903. Decided June 6, 1903.)

*Mechanics' Liens—Foreclosure — Amended Complaint—Refusal to Permit Demurrer—Engineer's Estimate—Impeachment—Admissibility of Evidence—Instructions in Chancery Case—Review of Error — Intervention—Notice of Lien—Owner's Name—Claim for Money—Rules of Supreme Court —Briefs—Assignments of Error.*

1. The refusal to permit defendants to demur to a complaint amended after the jury is sworn is not ground for reversal, where no ground for the demurrer was stated, nor any written demurrer offered, and the complaint seems to have stated a cause of action.

2. Though, in a mechanic's lien foreclosure, plaintiffs declare on a contract under which a settlement was to be had on a final estimate of defendants' superintendent of construction, and defendants deny that plaintiffs have

complied with the contract, yet, where both parties on the trial seek to impeach the superintendent's estimate, the defendants cannot complain that the admission of plaintiffs' evidence of its inaccuracy, was error.

3.  Where defendants in a mechanic's lien foreclosure themselves seek to impeach their superintendent's estimate of the work, the admission of hearsay evidence of his statements that his estimate was erroneous is harmless error.

4.  In a mechanic's lien foreclosure, a witness' testimony that a certain person made calculations as to the amount of work done, and dictated them to him, is insufficient to warrant the introduction of such estimates.

5.  Since a suit to foreclose a mechanic's lien is a proceeding in chancery, the jury's findings are only advisory, and error in instructing them is not reviewable.

6   Under Code of Civil Procedure, Section 2131, requiring notice of a mechanic's lien to be filed in the county clerk's office, and Section 2132, requiring that the clerk's abstract shall contain the name of the person against whose property the lien is filed, the filing of notice of a lien upon the property of the Yellowstone Park Railway Company and the Yellowstone Park Railroad Company will not warrant intervention in a mechanic's lien foreclosure against the Gallatin Railroad Company, though the complaint in intervention alleges, on information and belief, that the corporations are substantially the same.

7.  Merely a money demand against a defendant in a mechanic's lien foreclosure will not warrant intervention therein, though plaintiffs consent thereto.

8   Assignments of error in appellants' brief which fail to comply with the rules of the supreme court, will not be considered.

9.  Where the overruling of a motion is assigned as error, and the language of the motion as it appears in the transcript is not the language of the assignment and does not convey the same idea, the assignment will not be considered.

10. Where the record fails to show that the court ruled upon an offer of testimony, an assignment based upon the exclusion of such testimony will not be considered.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

Action by Andrew B. Cook and Martin Woldson, partners doing business under the firm name of Cook & Woldson, against the Gallatin Railroad Company and another, in which J. B. Waltz and P. L. Reece, partners under the firm name of Waltz & Reece, intervene. From a decree for plaintiffs and interveners, and from an order overruling a motion for a new trial, defendants appeal. Modified.

*Mr. John A. Luce,* for Appellants.

The lien, exhibit "A," was based upon the contract and not upon a *quantum meruit.* The plaintiffs could not recover both

upon the expressed contract and the implied contract. The complaint was certainly demurrable for uncertainty, it was demurrable for want of facts and for uncertainty in the description of the property sought to be foreclosed and in other particulars, the defendant has a right to demur and can not be restricted to an answer merely where a complaint is amended. He pleads *de novo.* (*Frick* v. *Manhattan R. Co.,* 15 Daly (N. Y.), 479, 24 Abb. N. Cas. 81; *Harriott* v. *Wells,* 9 Bosw. (N. Y.), 631; *Speake* v. *Prewitt,* 6 Texas, 252; *Cleveland* v. *Cohrs,* 13 S. Car. 397; *Shaw* v. *Brown,* 42 Miss. 309; *State* v. *Green,* 4 Gill & J. (Md.), 381.)

It was error for the court to allow the plaintiffs to attempt to discredit the final estimate which they themselves had introduced in evidence over the objection of the defendants; the decision of the superintendent of construction was final and binding and conclusive upon both parties to the contract, unless some fraud or collusion was alleged against him. (*U. S.* v. *Robeson,* 9 Pet. 319; *Construction Co.* v. *Stout,* 8 Colo. 61; *Butler* v. *Tucker,* 24 Wend. 449; *Myer* v. *Pac. Construction Co.,* 27 Pac. 584; *Bickle* v. *Irvine,* 9 Mont. 251; 9 Enc. Pl. & Pr. pages 684-689; *Queen* v. *Hepburn,* 7 Cranch, 291; Rice on Evidence (Civil), Vol. I, Secs. 93-95, 211; *Vurick* v. *Jackson,* 2 Wend. 166, 201; *Thompson* v. *Blanchard,* 4 N. Y. 303, 311; *Williams* v. *Sargent,* 46 N. Y. 481-483; *Fordham* v. *Smith,* 46 N. Y. 683; Code of Civil Procedure, Secs. 3378-3380; *U. S.* v. *Jones,* 3 Wash. C. C., 209; *Lawrence* v. *Barker,* 5 Wend. 301-305; *Smith* v. *Briggs,* 3 Denio, 74; *Loup* v. *Cal. S. R. R. Co.,* 63 Cal. 97, 102; *Herrick* v. *Belknap,* 27 Vt. 673; *Smith* v. *Brady,* 17 N. Y. 173-177; *Pres. of D. & H. Canal Co.* v. *Penn Coal Co.,* 50 N. Y. 250-271; *Denver & N. O. Const. Co.* v. *Stout,* 5 Pac. 627-631; *Hudson* v. *McCartney,* 33 Wis. 331.)

It was necessary to allege and prove the performance of the contract before any mechanic's lien could be filed or recovery had. (*Smith* v. *Brady,* 17 N. Y. 173; *Loup* v. *Cal. S. R. R. Co.,* 63 Cal. 97-102; 13 Enc. Pl. & Pr. 978, and cases cited;

*Jacques* v. *Morris,* 2 E. D. Smith, 639; *Franklin* v. *Schultz,* (Mont.), 57 Pac. 1037; *Harmon* v. *Ashmead,* 60 Cal. 439; *Jackson* v. *Cleveland,* 19 Wis. 400.)

The plaintiffs could not abandon the contract and sue upon a *quantum meruit.* (*Carroll* v. *Craine,* 9 Ill. 563; *Malone* v. *Big Flat Gravel Company,* 18 Pac. 772; *Wilson* v. *Hind,* 45 Pac. 695; *Reed* v. *Norton,* 26 Pac. 767; 15 Enc. Pl. & Pr. 1002, 1003, and cases cited.)

The plaintiffs should have been required to elect upon which cause of action they would stand. (*Scofield* v. *Miltimore,* 74 Wis. 194, Opin. 198, 199; *Dewey* v. *Fifield,* 2 Wis. 73; *Deane et al.* v. *Wheeler,* 2 Wis. 224.)

The failure of plaintiffs to pay Waltz & Reece was proof of failure on the part of the plaintiffs to complete the contract and to furnish the labor, material, etc., thereunder. (*Cockrill* v. *Davie,* 14 Mont. 131-135.)

The plaintiff should not have been allowed to recover any more than the amount shown by Mr. Wiswell's estimate which was made conclusive by the contract. (Story, Equity Jurisprudence, Sec. 1457.)

There is a variance between the contract alleged by plaintiffs in the lien and in the body of the complaint and that which was proved on the trial. Furthermore the contract was not pleaded in the complaint or in the lien either according to its legal effect, or in *haec verba.* (Sec. 747-748, C. C. P.; *Quick* v. *Clark,* 7 Mont. 731; *Jones* v. *Shuey,* 40 Pac. 17; *Eaton* v. *Malabeta,* 92 Cal. 75.)

The lien filed does not contain a correct description of the property to be charged. It does not show in what township, section, range or subdivision any part of the line or right of way or road bed is situated, nor does it show the width or dimensions of the road bed or of the right of way or how said land was to be covered or taken. No property could be identified by the description. The description might cover any piece of land whatever that might run in a southeasterly direction from the station at Mountain Side. The lien was void for uncertainty.

(Sections 2131, 2132, 2133, C. C. P.; *Kellogg* v. *Littell & Smythe Mfg. Co.,* 25 Pac. 461-462; *Goodrich Lumber Co.* v. *Davie,* 13 Mont. 76; *Rawson* v. *Sheehan,* 78 Mo. 668; *Pillz* v. *Killingsworth,* 20 Oregon, 432; *Turney* v. *Saunders,* 5 Ill. 527; *Crawfordville* v. *Barr,* 65 Ind. 367; *Munger* v. *Green,* 20 Ind. 38; *Short* v. *Ames,* 121 Pa. St. 530; *McCarty* v. *Van Etten,* 4 Minn. 461; *Penrose* v. *Calkins,* 19 Pac. 641; *Willamette Steam Mill & Lumber Co.* v. *Kremer et al.,* 24 Pac. 1026; *Mt. Tacoma Mfg. Co.* v. *Cultum,* 32 Pac. 95.)

There was no evidence introduced to show the ownership of the right of way and the land which was sought to be condemned. It was necessary for them to prove the ownership of the lands in addition to the road bed. It was admitted that defendant owned the road bed, but there was no admission as to the right of way. The road bed is the bed or foundation for the superstructure of a railroad. To entitle plaintiffs to a judgment of foreclosure it was necessary for them to prove the ownership of the right of way as well as this superstructure. (*Nelson* v. *Clerf,* 30 Pac. 716; *San Francisco* v. *Central Pac. Railroad,* 63 Cal. 469; *San Francisco, etc.* v. *Board of Equalization,* 60 Cal. 1234; *Santa Clara Co.* v. *Southern Pac. R. R. Co.,* 118 U. S. 395; *Front St. Cable Ry. Co.* v. *Johnson,* 25 Pac. 1084; *Morehouse* v. *Collins,* 31 Pac. 295; *Kellogg* v. *Littell Mfg. Co.,* 25 Pac. 461, and cases cited 462; *Santa Cruz Rock Pavement Co.* v. *Lyons,* 48 Pac. 1097; *Williams* v. *Vanderbilt,* 145 Ill. 238, S. C. 21 L. R. A. 489; *Munster* v. *Doyle,* 50 Ill. App. 672.)

The lien filed was further fatally defective in not stating the time, terms and conditions of the contract under which the work was done and materials furnished. (*Hooper* v. *Flood,* 54 Cal. 218.)

The interveners must stand or fall upon the lien filed and this can not be aided by averments. (*Goss* v. *Strelitz,* 54 Cal. 640.)

*Messrs. Hartman & Hartman,* and *Mr. M. S. Gunn,* for Respondents.

There are some twenty-eight errors specified in the appellants' brief, but of all these errors only a few can be considered by this court, under its rules and decisions. The decisions of this court hold appellants strictly to the requirements of the rules, and that a failure to comply with Rule 10 warrants the court in refusing to consider the errors charged. (*State* v. *Shepphard,* 23 Mont. 323; *State* v. *Allen,* 23 Mont. 118; *McCleary* v. *Crowley,* 22 Mont. 245-247; *Babcock* v. *Caldwell,* 22 Mont. 460-462; *Gibson* v. *Hubbard,* 22 Mont. 517; *Anderson* v. *Carlson,* 23 Mont. 43; *Smith* v. *Denniff,* 23 Mont. 65-67; *State* v. *Shepphard,* 23 Mont. 323-327; *Missoula Mer. Co.* v. *O'Donnell,* 60 Pac. 594; *Cole* v. *Ryan,* 60 Pac. 991; *Schatzlein Paint Co.* v. *Godin,* 62 Pac. 819; *Rehberg* v. *Greiser,* 62 Pac. 820; *Patterson* v. *Pfouts,* 64 Pac. 222.)

The action was for the foreclosure of a lien mentioned in the complaint, and was, therefore, an equitable action and the verdict of the jury was simply advisory to the court. (*Mochon* v. *Sullivan,* 1 Mont. 470; *Simonton* v. *Kelly,* 1 Mont. 483; *Riale* v. *Roush,* 1 Mont. 474; *Davis* v. *Alvord,* 94 U. S. 545; *Sanford* v. *Gates, Townsend Co.,* 21 Mont. 277; *Basey* v. *Gallagher,* 20 Wall. 670; *Mantle* v. *Noyes,* 5 Mont. 274.)

It being an equitable action, and the verdict of the jury being simply advisory to the court, no error can be considered by this court which is predicated on the instructions of the court below to the jury, either in giving instructions or in refusing instructions presented. (*Lawlor* v. *Kemper,* 20 Mont. 13; *Haggin* v. *Saile,* 23 Mont. 375; *Sweetser* v. *Dobbins,* 65 Cal. 529; *Schneider* v. *Brown,* 85 Cal. 205; *Riley* v. *Martinelli,* 97 Cal. 575; *Richardson* v. *City of Eureka,* 110 Cal. 441.)

The record does not show that the instructions requested and refused were signed by counsel. (Section 1080, Subd. 7, C. C. P.; *Darnell* v. *Sallee,* 34 N. E. 1020; *Buchart* v. *Ell,* 36 N. E. 762; *Bank* v. *Bennett,* 36 N. E. 551; *Railway Co.* v. *Mitchell,* 26 S. W. 154; *Railway Co.* v. *Hobbs,* 43 N. E. 479; *Schoolfield* v. *Houle,* 13 Colo. 394.)

The testimony upon all contested points was conflicting and this court will not, therefore, consider the question as to the insufficiency of the testimony to sustain the decree of the court below. (*Ingalls* v. *Austin,* 8 Mont. 333; *Reardon* v. *Patterson,* 19 Mont. 231; *McIntyre* v. *McCabe,* 19 Mont. 333; *Harrington* v. *B. & B. M. Co.,* 19 Mont. 411; *Nyhart* v. *Pennington,* 20 Mont. 161; *Baxter* v. *Hamilton,* 20 Mont. 327; *Gallagher* v. *Cornelius,* 23 Mont. 27; *State* v. *Allen,* 23 Mont. 118; *O'Rourke* v. *Sherman,* 23 Mont. 310; *Noyes* v. *Ross,* 23 Mont. 425; *State* v. *Hurst,* 23 Mont. 484.)

Common counts are admissible under a system of Code pleading. (*Hosley* v. *Black,* 28 N. Y. 438; *Cattagnino* v. *Balletta,* 82 Cal. 250; *Farron* v. *Sherwood,* 17 N. Y. 227; *Pleasant* v. *Samuels,* 45 Pac. 998; *Galvin* v. *MacM. & M. Co.,* 14 Mont. 508; *Nyhart* v. *Pennington,* 50 Pac. 413.)

Where work and labor have been performed or done under a special contract, which has been fully executed by the plaintiff, and nothing remains to be done except the payment of money which is due, a recovery may be had on a *quantum meruit.* (*Farron* v. *Sherwood,* 17 N. Y. 227; *Stuckey* v. *Hardy,* 41 N. E. 606; *Shepard* v. *Mills,* 50 N. E. 709; *Moore* v. *Mfg. Co.,* 20 S. W. 975; *Castagnino* v. *Balletta,* 82 Cal. 250; *Electric Co.* v. *Berg,* 30 S. W. 454; *Higgins* v. *Railroad Co.,* 66 N. Y. 604; *Railroad Co.* v. *Donovan,* 65 N. W. 583; *Devecmon* v. *Shaw,* 9 Am. St. Rep. 422; *Ludlow* v. *Dole,* 62 N. Y. 617; *Gambril* v. *Schooley,* 43 Atl. 918; *Ingle* v. *Jones,* 2 Wall. 1; Note to *Cutter* v. *Powell,* 2 Smith's Lead. Cases, 41; *Lane* v. *Adams,* 19 Ill. 167; *Tunnison* v. *Field,* 21 Ill. 108; *Combs* v. *Steele,* 80 Ill. 101; *Fowler* v. *Deakman,* 84 Ill. 130; *Davis* v. *Badders,* 10 So. Rep. 422; *Board of Commissioners* v. *Gibson,* 63 N. E. 892.)

Appellants contend that the procuring of the certificate of the superintendent of construction of the road that the work was completed, was a condition precedent to the right of payment, and that plaintiffs should have alleged in their complaint the procurement of this certificate or made allegations showing a

legal reason why it had not been obtained. As to this point we say, that where the contract has been completed and the action is brought on the *quantum meruit* no such allegation need be contained in the complaint and the plaintiff can make proof of the facts necessary to establish his claim without any special allegation. (*Elevator Co.* v. *Clark,* 80 Fed. 705; *Higgins* v. *Railroad Co.,* 66 N. Y. 604; *Castagnino* v. *Balletta,* 82 Cal. 250; *Combs* v. *Steele,* 80 Ill. 101; *Fowler* v. *Deakman,* 84 Ill. 130; *Davis* v. *Badders,* 10 So. Rep. 422.)

The final estimate is conclusive that the contract was completed. (*Wyckoff* v. *Meyers;* 44 N. Y. 143; 29 Am. & Eng. Ency. Law, pp. 937 and 938.)

Even if the court committed error as to interveners' second cause of action, it should not be sufficient to reverse the entire judgment, but this court would have the right and it would be its duty to so modify the judgment against the appellants as to cure any error on account of the second cause of action of interveners. (*Ramsdell* v. *Clark,* 20 Mont. 103.)

This court cannot review the action of a lower court in refusing an application for a new trial in an equity case unless it appears that all or substantially all of the evidence introduced at the trial is contained in the record. (*Baker* v. *Ray,* 2 Russ. 75; *Watt* v. *Starke,* 101 U. S. 247; *Bootle* v. *Blundell,* 19 Ves. 500; *Still* v. *Saunders,* 8 Cal. 281; *Currie* v. *M. C. Ry. Co.,* 24 Mont. 123; *T. C. Power & Bro.* v. *Stocking,* 26 Mont. 478; *Merchants' Nat'l Bank* v. *Greenhood,* 16 Mont. 395, p. 450 *et seq.; M. O. P. Co.* v. *B. & B. C. M. Co.,* 25 Mont. 427.)

MR. JUSTICE MILBURN delivered the opinion of the court.

This is a suit for the foreclosure of a lien upon the property of the defendant railroad company, with intervention by the interveners named in the title of the cause.

It has been very difficult to get a correct idea of the pleadings and of the theory upon which the case was tried, as the plead-

ings were not as skillfully drawn as they might have been, and because the brief of the appellants fails to comply with the rules of the court in some particulars, thus requiring us to rely upon our own research in some parts, and causing us to fail to discover appellants' meaning in other places, and, further, because the argument is involved, going from one point to another without any attempt to take up and discuss the points in the order in which they are indicated in the assignment of alleged errors.

Plaintiffs filed in the office of the county clerk a notice of lien, and brought an action to foreclose the lien, declaring upon a contract in writing, in which, among other things, it was stipulated that the parties thereto should settle upon the final estimate of the superintendent of construction of the defendant railroad company. Plaintiffs averred that they had complied with the terms of the contract, and that under its terms they were entitled to a balance of $13,252.82, with attorney's fees and costs. After a jury was sworn, plaintiffs, with leave, amended their complaint by adding a paragraph declaring the reasonable worth of all of the labor done to be the sum of $30,-022.82. There does not seem to have been any objection to this amendment, which was made after the second amended answer, upon which defendants relied on the trial, had been filed. The defendants asked leave to interpose a demurrer to the complaint as amended, but the record fails to disclose that they stated upon what grounds they wished to demur, or that they offered any demurrer in writing to the court. Upon the trial the plaintiffs, for the purpose of showing that the work had been completed, introduced in evidence the "final estimate" of one Wiswell, who was the superintendent of construction of the defendant company. Examination of the complaint, the answer, and of this estimate, which appears in full in the record, makes it certain that the plaintiffs claimed and introduced proof to show that they had excavated and removed cubic yards of solid rock and loose rock largely in excess of the number of cubic yards stated in the Wiswell estimate, and that the defendant company denied on the trial that the number of cubic yards of solid rock and

loose rock removed by plaintiffs was as great as claimed by plaintiffs or stated in the said estimate, and introduced proof to support their contention.

The interveners, having filed two notices of lien, asked that as to one cause of action they be allowed a lien, with provision for a deficiency judgment against plaintiffs; and, as to the second cause of action, without any reference to any claim against plaintiffs, they asked for a lien on the property of the defendants. The notice of lien first mentioned in the bill of intervention, referring to plaintiffs, declared the name of the owner of the property upon which they sought a lien to be the Yellowstone Park Railway. In the other notice set out in connection with their second cause of action, without any reference therein to plaintiffs, interveners describe the owner to be the Yellowstone Park Railroad Company. Defendants demurred to the complaint in intervention, and to each cause of action therein set forth; one ground being that it did not, as a whole, or as to either cause of action, state facts sufficient to constitute a cause of action. This demurrer was overruled. The plaintiffs admitted all that interveners claimed, except as to the amount alleged to be due, and as to this they admitted all except a small sum. The court brought in a jury to advise it. The jury found for plaintiffs, assessing the damages at $14,077.37. The court found and entered its decree in favor of plaintiffs and interveners; adjudging liens upon all the property of the defendants as prayed, and directing that the property be sold to satisfy the liens. The defendants appeal from the decree, and from an order overruling a motion for a new trial.

Twenty-eight assignments of error are in the brief, one of them not being numbered.

1. Defendants declare that the court erred in refusing to allow them to interpose a demurrer to the plaintiffs' complaint as amended, and in compelling defendants to answer immediately the same. While this appears to be two points in one, the only point apparently argued and relied upon is that the court erred in refusing to allow a demurrer to be interposed to the

complaint as amended; it having been amended after the jury were sworn by adding a paragraph to the effect that the work and the labor done were reasonably worth the sum of $30,-022.82. The record does not show that the demurrants stated any ground to the court why the answer as amended was demurrable. If a demurrer in writing was offered, it has not been pointed out in the record. The complaint seems to state a cause of action, and we cannot hold that the court erred as assigned.

It does not appear that the defendants asked leave to amend their answer, or suggested that they wished to do so.

2. The 2d, 3d, 4th, and 5th assignments of alleged error refer to the court's action in permitting the introduction of testimony showing or tending to show that the "final estimate" made by the superintendent of construction, Wiswell, was inaccurate as to the classifications of the rock and earth removed. The fifth assignment we do not notice, except so far as it may be covered by the remarks made in this paragraph, for the reason that it does not make any reference to any page of the record, and contains several assignments merged in one. We do not find that the court erred in permitting the appellants to introduce evidence to show the quantities of rock, loose rock, earth, etc., which were actually removed under the contract, and that the statement of Wiswell was not true. The case was tried by each party on the assumption that the statement of Wiswell was not correct, and that it had not been considered by either party as the basis of settlement. The plaintiffs said it showed too little work done under some classifications, and the defendants declared that it showed too much done under the same heads. It having been repudiated by each party in open court upon the record, it does not seem to us that any prejudice could result in admitting the testimony which was introduced by each side. It is true that plaintiffs declared in their complaint upon a contract in writing, under the terms of which they could not be paid until a final estimate had been made; and it is also true that the plaintiffs did not in their complaint, avoid or attack the truth of the final estimate which was made. It also appears

that the defendants denied that the plaintiffs had complied with the terms of the contract. But the case having been tried and submitted in the court below upon the theory that the "final estimate" was not true, appellants cannot now maintain that, under the complaint, evidence was not admissible to show that the final statement was false. Such evidence as may have been hearsay as to Wiswell having said that his final estimate was false could not be prejudicial, as defendants themselves declared that the said estimate was not true.

3. As to assignments 6, 7, 8, and 9, we need only say that they are not stated as the rules require. We cannot separate and number assignments where they are merged, and we cannot hunt through transcripts where there are not any references to pages thereof.

4. It is assigned that the court erred in refusing "the motion of defendants to compel the plaintiffs to elect whether they would stand upon the implied contract alleged in the complaint or upon the express contract, and to dismiss the action for the foreclosure of the lien." Reference to the transcript at the page indicated shows that the defendant did not make this motion. The language of the motion as it appears in the transcript is not the language of the assignment, and does not convey the same idea. Therefore we do not find that the court erred as assigned.

5. In assignment numbered 11, appellants say that "it was error to refuse the offer of proof made as to the classification of James M. Robertson, and to refuse to allow the witness Boyce to identify a statement of his classification so that it could be offered in evidence." Examination of the parts of the record referred to shows that the court made three rulings against the appellants. To which of the three the assignment refers, we do not know. The assignment does not conform to the rules, in that the same is a merger. We will say, however, that it seems to be an attempt to prove by Boyce that one Robertson made certain calculations as to the amount of work done, and dictated them to Boyce, and that appellants offered to introduce classi-

fications thus made to show that their own (Wiswell's) final statement was inaccurate. They were objected to as irrelevant, immaterial, and incompetent, and because there was not anything before the court to show that the data given by Robertson to Boyce were correct. We think the court was right in excluding the evidence. Robertson was not a witness on this trial, and there was not any legal reason advanced why his data should have been introduced in the way intended by the appellants. Moreover, as we have said, it was admitted by both sides that Wiswell's statement was not correct.

6.    Referring to the twelfth assignment, we find that counsel assembles three alleged errors without setting them out "separately and particularly," as the rules require. Counsel makes a "point of law to be discussed," to-wit, was certain evidence properly rebuttal, or should it have been offered in chief? This point is raised by the assignment of the three alleged errors. We cannot consider what is not properly presented, and therefore we do not find the court in error as suggested. Besides, the order of proof is largely in the discretion of the court.

7.    As to assignments numbered 13 to 22, inclusive, relating to the instructions to the jury, refused or given, we need not make any remarks, as the case was one for the final judgment of the chancellor, to whom the findings of the jury were only advisory. The statement contained in *Marsh* v. *Morgan,* 18 Mont. 19, which was a suit for foreclosure of a mechanic's lien, that the case therein considered was not an equity case, for the reason that there was not any equity issue, is opposed to the holding of this court from the time of the organization thereof up to the date of the adoption of the constitution, and there is not anything in that instrument which changes the rule. A suit to foreclose a mechanic's lien is a proceeding in chancery to be enforced in conformity with the established rules and principles governing proceedings in chancery. (*Mochon* v. *Sullivan,* 1 Mont. 470; *Simonton* v. *Kelly,* 1 Mont. 483; *Riale* v. *Roush,* 1 Mont. 474; *Curnow* v. *Blue Gravel Co.,* 68 Cal. 262; *Mont. Ore Pur. Co.* v. *B. & M. C. C. & S. M. Co.,* 27 Mont. 288, 70

Pac. 1114; *Williams* v. *Uncompahgre Canal Co.,* 13 Colo. 469, 22 Pac. 806, and citations.)

8. Assignment numbered 23 need not be considered.

9. We cannot see that it was error, as alleged in assignment numbered 24, for the court to sustain the objection of the plaintiffs to the question, "What have you to say as to whether the clearing and finishing of the contract  *  *  *  has been completed by the plaintiffs?" If defendants wished to make a record of error, they should have told the court what they expected to prove by the witness, and offered to prove it, and take exception to the ruling of the court upon such offer, if it were adverse. So counsel seemed to think, and they did make the offer; but, so far as we can find from the record, the court did not make any ruling upon it, and the matter seems to have been dropped without any further effort to get a ruling upon the offer. In the argument in the brief it is stated that the court excluded the testimony offered. The record does not show that the court excluded any such testimony, for it did not make any ruling upon the offer, as we have said above. We cannot say that the court erred as alleged.

10. Was it "error for the court to find for the plaintiffs," as assigned in assignment numbered 25 ? The argument in the brief not treating of the assignments *seriatim,* and in many parts thereof not being clear as to what points are discussed, we have found very great difficulty in collating the several sentences and paragraphs which are intended to express the views of counsel as to this and other alleged errors. Such an assignment as the one numbered 25 does not point out or specify any particular finding or decision of the court as erroneous.

11. We take up now assignment numbered 26. Appellants say that the court erred in overruling the demurrer of defendants to the interveners' complaint. The complaint in intervention declares upon contracts with the Gallatin Railroad Company, and a notice of lien upon the property of the Yellowstone Park Railway Company, a corporation, and another notice of lien upon the property of the Yellowstone Park Railroad Com-

pany, a corporation.   The complaint in intervention also says, upon information and belief, that the Yellowstone Park Railroad Company and the Gallatin Railroad Company are the same corporation, or substantially the same corporation, and that the Yellowstone Park Railway and the Gallatin Railroad Company are the same corporation, or substantially the same.

Before taking up and considering the several grounds of the demurrer to this complaint in intervention, it is necessary to set forth more particularly the allegations contained in the complaint.   Interveners allege in their first cause of action that between August 25 and November 17, 1898, they performed work and labor for the defendant Gallatin Railroad Company (describing it), which work and labor was done at the special instance and request of the plaintiffs, Cook & Woldson.   In their second cause of action they say that between September 1 and November 15, 1898, they performed certain work and furnished certain material to the defendant Gallatin Railroad Company at its special instance and request, and that the reasonable value thereof ($490.93) has been due and owing to the interveners from the Gallatin Railroad Company since November 15, 1898. The interveners pray judgment upon their first cause of action for the sum of $5,293.47, with interest and attorney's fees, and that they may have a deficiency judgment against the plaintiffs if the property be not sold for enough to pay the full amount of their claim (in other words, they apparently want judgment against the defendants, and a deficiency judgment against the plaintiffs) ; and upon the second cause of action they pray for judgment for $490.93, with interest and attorney's fees, with a lien on the property described, and, in the event that the claim of plaintiffs "be established upon the property above mentioned, then in that event, that the proceeds derived from the sale of said property shall be shared equally, *pro rata,* according to the respective amounts so found due plaintiffs and interveners, in case the said proceeds arising from the sale of said property be insufficient to pay said plaintiffs and interveners' claims in full * * *." Of course, the prayer is not part of the complaint;

and it, in part, is introduced herein only for what it is worth, to aid us in arriving at some understanding as to what the complaint in intervention means. Defendants demurred to the complaint in intervention upon the ground, among others, that it did not state facts sufficient to constitute a cause of action. The demurrer attacked the first cause of action upon the ground, among others, that it did not state facts sufficient to constitute a cause of action, and the second cause of action upon the like ground, among others.

We think the demurrer should have been sustained on the ground that the complaint did not state facts sufficient to constitute a cause of action; that is, that there was a want of any reason or ground for intervention in the suit. It is apparent from an examination of all the averments of the complaint in the first cause of action that the interveners never made any bargain with the Gallatin Railroad Company, although they may have done so with some other company; and it is obvious that there is not any basis for a lien in favor of the interveners against the property of the defendant company, for that it is not named in either of the alleged notices, and, further, not having any such basis, the alleged fact that they have a cause of action at law for a money judgment against the defendants, or one of them, is not of itself sufficient to warrant intervention in the suit of plaintiffs to foreclose a lien, however willing the plaintiffs may be to permit the interveners to come in. It is possible to assume from the complaint that the interveners intended to allege that they were subcontractors of the plaintiffs as to the first cause of action, but, considering the complaint with the notices of lien attached thereto, there is not a sufficient statement of a cause of action for the establishment of a lien upon any property belonging to the defendants. In *Missoula Mercantile Company* v. *O'Donnell*, 24 Mont. 65-75, 60 Pac. 594, 991, the chief justice, speaking for the court, said that it is incumbent upon the claimant to insert the owner's name in the notice of lien which the law requires to be filed in the office of the county clerk. (Section 2131, Code of Civil Procedure.)

The abstract made by the county clerk (Section 2132, Code of Civil Procedure) must contain "the name of the person * *· * against whose property the lien is filed." It is no hardship that the claimant shall be required to insert the name of the owner in the notice, says this court in the opinion cited above. "The claimant is bound to know for whom he works, oi for whose benefit he is bestowing his materials. If he assumes the risk without inquiry sufficient to enable him to preserve his rights, it is his own fault. The statute gives him ample time to inform himself. ' Though the statute is remedial in character, its requirements must be complied with. (*Black v. Appolonio,* 1 Mont. 342.)" *M. M. Co.* v. *O'Donnell, supra.* Omission of the name of the owner whose interest is to be charged cannot be supplied by the complaint. (Phillips, Mech. Liens, 345.)

For the foregoing reasons, and under the authority of *Missoula Mercantile Co.* v. *O'Donnell, supra,* and the cases cited by the chief justice therein, and (as to the alleged second cause of action) because the having of a right of action against a defendant (in a certain cause commenced by another) for the recovery of money, merely, without a right of lien, is not ground or reason for intervention in a cause brought by another party against said defendant, we conclude that the demurrer as to each of the alleged causes of action should have been sustained.

For the reasons last above stated, it was error to find for the interveners, as stated in assignment numbered 27.

The decree, for the reasons stated, must, and is, modified by striking out so much thereof as finds for, and decrees any lien in favor of, the interveners, and as modified is affirmed. The interveners will pay one-half of the costs of appeal.

*Modified and Affirmed.*

MR. JUSTICE HOLLOWAY, having been of counsel in the court below, takes no part in the decision or in this opinion.