INTERSTATE LUMBER CO., RESPONDENT, *v.* MAGILL-
NEVIN PLUMBING & HEATING CO., INTERVENER AND
APPELLANT.

(No. 4,090.)

(Submitted January 17, 1920. Decided February 24, 1920.)

[188 Pac. 144.]

*Mechanics' Liens—Invalidity—Defective Notice—Error in Name
of Owner of Property—Intervention.*

Mechanics' Liens—Compliance With Statutory Requirements Necessary to
Validity.
1. While the mechanic's lien statute is remedial, its requirements must
be complied with.

Same—Defective Notice—Error in Name of Owner of Property.
2. A notice of a mechanic's lien claim which instead of setting forth
the name of the owner of the property sought to be charged, stated
that the lienor was the owner, was fatally defective.

Same—Validity—How Tested.
3. The validity of a mechanic's lien must be tested by the description
contained in it, and it is only in case of ambiguity that it may be ex-
plained and the property identified by oral evidence.

Same—Intervention—Dependent upon What.
4. The right of one to intervene in a suit to foreclose a mechanic's lien
is dependent upon the existence of a valid lien and the interest he
thereby has in the subject matter of the action commenced by plain-
tiff; hence where intervener's notice of lien was so defective as not
to support the lien, a demurrer to the complaint in intervention was
properly sustained even though it stated a cause of action on contract.

*Appeal from District Court, Silver Bow County; J. B. McCler-
nan, Judge.*

ACTION by the Interstate Lumber Company against Henry
Umhang and S. W. Billings for the foreclosure of a mechanic's
lien, in which the Magill-Nevin Plumbing & Heating Company
intervened. A demurrer was sustained to the complaint in
intervention, and a judgment entered in favor of defendant
Billings. The intervener appeals. Affirmed.

*Mr. Chas. R. Leonard* and *Mr. Earle N. Genzberger*, for Ap-
pellant, submitted a brief; *Mr. Leonard* argued the cause orally.

*Mr. James H. Baldwin*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

In an action instituted by the Interstate Lumber Company against Henry Umhang and S. W. Billings for the foreclosure of a mechanic's lien, the Magill-Nevin Plumbing & Heating Company, after obtaining leave of court, filed a complaint in intervention, to which plaintiff and defendant Umhang each filed answer. Defendant Billings demurred thereto. The demurrer was sustained, and judgment was entered in favor of Billings as against the intervener, from which judgment the intervener appeals.

The pleadings set forth that Umhang was the owner of certain lots in Butte, and contracted with Billings for the erection of a dwelling thereon, and that the latter entered upon the construction of a building; that thereafter Umhang and Billings engaged the plumbing company to install the plumbing in the building; also that for use in the construction of the house Billings purchased lumber from the plaintiff. Thereafter during the statutory period the plaintiff and the intervener each filed liens seeking to charge the property with the value of the material furnished by each.

The question raised by the demurrer is whether the lien claim of the intervener is sufficient in law to constitute a valid lien against the property. The notice of lien claim, so far as material, is as follows:

"Magill-Nevin Plumbing & Heating Co., a Corporation,

Lienor,

v.

"Henry Umhang,

Lienee.

"Notice is hereby given that the Magill-Nevin Plumbing & Heating Company  *  *  *  performed work upon and furnished material and fixtures for that certain building  *  *  * designated as No. 129 East Aluminum street, Butte, Mont.

"That said material and fixtures were actually furnished and said work and labor were actually performed in the improvement of said building and consisted in doing plumbing work and furnishing plumbing material for said building in accordance with the contract and according to the account hereto attached marked 'Exhibit A.'

"That said work and labor was performed and said materials and fixtures were furnished by the said lienor at the special instance and request of said lienee. *  *  *

"That a just and true statement of the account therefor is hereto annexed, marked 'Exhibit A,' and made a part hereof, and that the same is a just and true account of the amount due, owing, and unpaid said lienor by said lienee on account of said work and material, after allowing all credits, to-wit, $345.

"That the said *lienor* is the owner of the above-described real estate, including said building thereon situate.

"That the said Magill-Nevin Plumbing & Heating Company *  *  * therefore claims a lien on said above-described real estate *  *  * in the sum of $345, together with interest *  *  * from July 9, 1914, the date when the balance was ascertained as the amount due, owing, and unpaid to said lienor by said lienee for work and labor thereon performed and fixtures and materials furnished as hereinbefore set forth."

This court, in the case of *Missoula Mercantile Co.* v. *O'Donnell*, 24 Mont. 65, 60 Pac. 594, 991, upon the original hearing, and later, after a rehearing, held clearly and unequivocally that a lien which fails to set forth the name of the owner whose interest is sought to be affected and charged is fatally defective. In the later case of *Cook* v. *Gallatin R. Co.*, 28 Mont. 340, 72 Pac. 678, the rule established in the *O'Donnell Case, supra,* was reaffirmed.

The lien set forth in the complaint in intervention certainly fails to assert a claim of lien against the property of Umhang, whose property is sought to be charged with the lien of the [1, 2] original plaintiff. In so many words it says that the

lienor (Magill-Nevin Plumbing & Heating Company) is the owner, not Umhang.

The rule is well settled in this state by many decisions of this court, commencing with *Black* v. *Appolonio,* 1 Mont. 342, that while the statute is remedial in character, its requirements must be complied with. As said in *McGlauflin* v. *Wormser,* 28 Mont. 177, 72 Pac. 428: "The manner of perfecting a mechanic's lien consists of various steps, which are purely statutory, and, while the statute is in some respects remedial in its nature, and thus far should be construed liberally, it creates a new right, and the statutory proceedings by which this new right is perfected and enforced must be strictly followed."

Instances are conceivable wherein an owner may file a lien affecting his own property—*i. e.,* where the owner has furnished material to a tenant to be used in improving demised premises— in which event the owner might possibly file a lien against the property for the purpose of reaching the tenant's interest. In this case, however, it clearly appears from the allegations of the complaint that Umhang was the owner of the property, and that it is against his property that the foreclosure is attempted, while the lien itself asserts a claim against the property of the plaintiff in intervention, thus creating a variance between the allegations in the body of the complaint and the statements contained in the lien, which is the basis of the cause of action asserted by plaintiff in intervention.

Council cites us to the case of *Ivanhoff* v. *Teale,* 47 Mont. 115, 130 Pac. 972, which was a suit for the enforcement of a statutory lien; the complaint stating that "the defendant actually completed all the work," *etc.,* whereas it should have stated that the "plaintiff" did the work. It was there contended that the complaint did not state facts sufficient to constitute a cause of action because of this error. The court said: "This contention is without merit. It is apparent that the pleader, in drawing the complaint, inadvertently substituted the term 'defendant' where he intended to use the term 'plaintiff.' At most, this substitution of terms served only to render the pleading open to ob-

jection by special demurrer on the ground of uncertainty. Such a defect is waived by answer to the merits.'' However, the grounds of demurrer here fully reached the defect in question, and there has been no answer on the merits. It should be borne in mind also that, while our statute permits amendments of pleadings, we have none permitting amendments of mechanics' liens.

Even while the statute (section 7291) provides that any error or mistake in the account or description does not affect the [3] validity of the lien if the property can be identified by the description, the validity of the lien must be tested by the description contained in it. It is only in cases of an ambiguity that it may be explained and the property identified by oral evidence. (*Johnson* v. *Erickson,* 56 Mont. 550, 185 Pac. 1116.)

In *Goodrich Lumber Co.* v. *Davie,* 13 Mont. 76, 81, 32 Pac. 282, 283, it was said: ''The description of the ground is perfectly definite and certain. The only difficulty is that it was a wholly wrong description.''

Here, in view of the allegations of the complaint, while the lien purports to state the name of the owner, the lien claim states the name of one not the owner, and thereby actually fails to state the name of the owner, or the person whose interest is sought to be charged.

Appellant contends that, because the complaint in intervention [4] states a cause of action in favor of the plaintiff in intervention against defendants, Umhang and Billings, on contract, the demurrer should not have been sustained. This might be true were plaintiff in intervention merely suing on such contract, or had he brought an independent action upon the lien, with demand for judgment for the amount due upon the contract. However, here it seeks relief in an action brought by another plaintiff. Unless plaintiff in intervention has an interest in the subject matter of the original action, it may not intervene. (Rev. Codes, sec. 6496.) Its right, if it existed at all, to intervene, was dependent upon the existence of a valid lien and the interest it thereby had in the subject matter of the action commenced by the plaintiff Interstate Lumber Company. A some-

what analogous situation existed in *Cook* v. *Gallatin R. Co.*, *supra.* There the court said: "The alleged fact that they have a cause of action at law for a money judgment against the defendants, or one of them, is not of itself sufficient to warrant intervention in the suit of plaintiffs to foreclose a lien, however willing the plaintiffs may be to permit the interveners to come in. * * * Because the having of a right of action against a defendant (in a certain cause commenced by another) for the recovery of money merely, without a right of lien, is not ground or reason for intervention in a cause brought by another party against said defendant, we conclude that the demurrer as to each of the alleged causes of action should have been sustained." (See, also, *Moreland* v. *Monarch Min. & Mill. Co.*, 55 Mont. 419, 178 Pac. 175.)

The claim of lien not being sufficient to aid the allegations of the complaint, the court was not in error in sustaining the demurrer.

The judgment appealed from is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.