AMERICANA HOMES, INC., A MONTANA CORPORATION, PLAINTIFF AND APPELLANT, *v.* BROADMOOR CORPORATION, A MONTANA CORPORATION; SECURITY TRUST & SAVINGS BANK, A BANKING CORPORATION; FIRST MONTANA TITLE CO., OF BILLINGS, A CORPORATION, TRUSTEE; ORNAMENTAL IRON SHOP; GEORGE'S ELECTRIC CO.; MODERN KITCHENS, INC.; LA VANE FRANK, D/B/A LA VANE FRANK MASONRY; DAVID C. JOHNSON; WILLIAM C. MILLER AND SAFEWAY PLUMBING AND REFRIGERATION; AND DONALD W. MAJERUS, CROSS-COMPLAINANTS AND RESPONDENTS.

No. 11557.
Submitted May 14, 1969.
Decided June 6, 1969.
455 P.2d 334.

Jones, Olsen & Christensen, Winn E. Dowlin, Jr. (argued), Billings, for appellant.

James, Crotty, Corontzos & Fopp, George R. Crotty, Jr. (argued), Great Falls, Craig Derry, Ira F. Beeler, Billings, for respondents.

MR. JUSTICE BONNER delivered the Opinion of the Court.

The plaintiff herein, Americana Homes, Inc., a Montana corporation, instituted this action to foreclose an alleged mechanic's lien against certain real property situate in the Durland Heights subdivision in Yellowstone County, Montana. The district court in response to defendants' motion granted summary judgment under Rule 56(b), M.R.Civ.P. Plaintiffs now appeals from the judgment.

The alleged lien stated that labor and materials were furnished commencing on June , 1965, and ending on November 3, 1965. The lien was filed for record February 2, 1966, 91 days after the last date labor and materials were furnished. An exhibit attached to the amended complaint shows all transactions between the parties including the dates materials and labor were furnished; also, that on December 28, 1965, credit was allowed for returned merchandise in the amount of $185.18; on December 30, 1965, credit was allowed for returned merchandise in the amount of $20.57. Also on December 30, 1965, credit was allowed for payment made in the amount of $1,187.04. The balance which the plaintiff sought to collect was $778.00. All transactions were on an open account.

The pertinent statute in this appeal is section 45-502, R.C.M. 1947, and reads as follows:

"Every person wishing to avail himself of the benefits of this chapter must file with the county clerk of the county in which the property or premises mentioned in the preceding section is situated, and within ninety days after the material or machinery aforesaid has been furnished, or the work or labor performed, a just and true account of the amount due him, after allowing all credits, and containing a correct description of the property to be charged with such lien, verified by affadavit, but any error or mistake in the account or description does not affect the validity of the lien, if the property can be identified by the description; which paper containing the account, descrip-

tion, and affadavit is deemed the lien, and *when there is an open account between the parties for labor, material, or machinery, such lien may be filed within ninety days after the date of the last item in such account, and include all items and charges, contained therein, for material or machinery furnished for, or work performed on, the property on which the lien is claimed.*" (Emphasis ours.)

It is admitted that no material, labor or machinery was furnished by the plaintiff herein within the ninety-one day period from November 3, 1965 to February 2, 1966. However, plaintiff contends that the crediting of the payment on December 30, 1965, and the return of materials on December 28, and 30, 1965, worked to keep the 90 day period set forth in section 45-502 from lapsing. That is, plaintiff contends it had ninety days from December 30, 1965, in which to file its lien urging that the entries (credits) on December 28 and 30 were "items" on an open account so as to bring it under the emphasized portion of section 45-502 above.

The question presented to this Court is whether the entries of December 30 were "items" so as to prevent the lapse of the ninety day period. We hold they were not for the reasons set out below.

In general with regard to liens it has been stated:

"It is within the power of the state legislature, subject to constitutional limitations, to declare by statute what shall constitute a lien in a given case coming within the terms of the statute. Lien laws have been said to rest on the cardinal principles that the owner of the property on which the lien is claimed has received some benefit or advantage by reason of services rendered or materials or supplies furnished * * *." 53 C.J.S Liens § 5, p. 847.

It is also true that:

"All the mechanics' lien statutes prescribe and limit the time for filing the claim, notice, or statement, and, as a general rule, the statutes are deemed mandatory in this respect, and

it is essential to the existence and validity of a mechanic's lien that the claim or statement shall be filed or recorded within the time limited by the statute." 57 C.J.S. Mechanics' Liens § 139, p. 647.

So far as the rule in Montana is concerned, this Court in a long line of cases has held:

"The rule is well settled in this state by many decisions of this court, commencing with Black v. Appolonio, 1 Mont. 342, that while the statute is remedial in character, its requirements must be complied with. As said in McGlauflin v. Wormser, 28 Mont. 177, 72 P. 428: 'The manner of perfecting a mechanic's lien consists of various steps, which are purely statutory, and, while the statute is in some respects remedial in its nature, and thus far should be construed liberally, it creates a new right, and the statutory proceedings by which this new right is perfected and enforced must be strictly followed.' " Interstate Lum. Co. v. Magill-Nevin Plumbing & Heating Co., 57 Mont. 334, 188 P. 144.

Since the lien in the instant case involves an open account we must decide whether the word "item" in the phrase "* * * when there is an open account between the parties for labor, material, or machinery, such lien may be filed within ninety days after the date of the last item in such account. * * *" includes credits to the account as well as debits to it.

If we accept the plaintiff's argument that the credits of December 28 and 30 were "items", we create what we think is an untenable situation. Assuming there is an open account, then the statutory ninety day period could be extended ad infinitum by the return of materials or the payment of a nominal amount on the account every 89 days. An owner who hired a contractor to perform work for him and such contractor procured labor, material or machinery on an open account would never be beyond the pall of a mechanic's lien so long as the contractor continued to make payments or return material or machinery every 89 days to the supplier. The spectre of a

mechanic's lien could conceivably hang over an owner's head forever, or at least until the open account was finally paid in full which might be years after the last date the supplier furnished any materials, labor or machinery that enhanced the value of the property. In our opinion the legislature by enacting the emphasized portion of section 45-502 did not intend to create such a situation.

Apropros to this case is the case of Caird Engineering Works v. Seven-Up Gold Mining Co., Inc., 111 Mont. 471, 487, 111 P.2d 267, 276. There, in a mechanic's lien case, with regard to the same phrase as is in question here we said:

"We think the legislative intent by the amendmn is plain. That intent was to provide for the filing of a lien wherever there is an open account, within ninety days after the date of the last item furnished."

The amendment the Court was construing was the portion of section 45-502 emphasized above. We hold that entry of a credit for payment or for goods returned does not fall within the ambit of "last item in such account." We find that the legislature by that language meant the last item furnished, not the last entry in the open account.

For the foreboing reasons the judgment below is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, JOHN HARRISON and CASTLES, concur.